IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALITHA STUMP<br>1729 Wylie Street<br>Philadelphia PA 19120<br><br>   Plaintiff,<br><br>  v.<br><br>DAJ WIRELESS COMPANY<br>4240 North Broad Street<br>Philadelphia PA 19140<br><br>   and<br><br>DEBRA SPENCE<br>c/o DAJ WIRELESS COMPANY<br>4240 North Broad Street<br>Philadelphia PA 19140<br><br>   Defendants. | INDIVIDUAL ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT AND THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

Talitha Stump (hereinafter "Plaintiff") by and through undersigned counsel, hereby complain as follows against Defendants DAJ Wireless Company and Debra Spence (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Plaintiff asserts that Defendants failed to pay proper overtime compensation in violation of the Fair Labor Standards Act (the "FLSA") as well as the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Act (hereinafter collectively "Pennsylvania Wage Laws").

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth above.

8. Defendant DAJ Wireless (hereinafter "Defendant DAJ") is an entity with an address as set forth above.

9. Defendant Debra Spence is an owner and manager of Defendant DAJ that at all times relevant therein, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendant DAJ which resulted in Defendants' failing to pay Plaintiff proper compensation pursuant to the FLSA and/or the Pennsylvania Wage and Hour Laws.

10. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. At all times relevant hereto, Defendants were a MetroPCS authorized franchise (hereinafter MetroPCS is referred to as "the Franchisor").

13. The Franchisor is a cellular phone and communication plan provider.

14. Plaintiff worked for Defendants as a sales associate from in or around November 2014 until on or about May 22, 2015.

15. Plaintiff's primary duties were to work as a salesperson of the Franchisor's cellular phones and communication plans.

16. At no time did Plaintiff have the authority to hire or fire any employees of Defendants.

17. At no time did Plaintiff supervise any employees of Defendants.

18. Plaintiff was, within the meaning of the FLSA, a non-exempt hourly employee of Defendants.

19. From November 2013 until in or around April 2014, Defendants provided Plaintiff with cash payments on the basis of commission per cellular phone communication plan sold.

20. Plaintiff did not receive an hourly wage during this period.

21. Defendants did not deduct any taxes from the pay Defendants' provided to Plaintiff.

22. In or around April 2014, Defendants agreed to place Plaintiff on their payroll.

23. Thereafter, Defendants compensated Plaintiff by paying her on an hourly basis.

24. Defendants compensated Plaintiff at a rate of $7.25 per hour.

25. Plaintiff also received a commission of 10% of total sales.

26. At no time did more than half of Plaintiff's earnings consist of commissions.

27. Plaintiff's' schedule caused her to work more than 40 hours per week regularly throughout their employment.

28. Defendants provided Plaintiff with overtime pay at a rate of $10.88 per hour (time and one half of $7.25) for all hours worked in excess of 40 hours per workweek.

29. For instance, for the two week pay period of April 18 to May 1, Plaintiff worked 83.82 hours.

30. Defendants paid Plaintiff a total of $763.53, representing $580.00 for eighty hours of work ($7.25 for 80 hours of work), $41.54 for overtime hours ($7.25 * 1.5 for 3.82 hours of work), and $141.99 in commissions.

31. Defendants did not include commissions earned by Plaintiff in determining her regular rate of pay for the purposes of calculating Plaintiff's overtime rate.

32. Had Defendants properly determined Plaintiff's rate of pay for the pay period, Defendant would have determined that Plaintiff's regular rate of pay was $9.02 (7.25 for 80 hours of work plus $141.99 for commissions earned); thus Defendants should have paid Plaintiff $51.72 in overtime (1.5 times the regular rate of $9.02 * 3.82 overtime hours), rather than the $41.52 Defendants did.

33. Due to their failure to properly calculate Plaintiff's overtime rate, Defendants shorted Plaintiff at least $10.19 in overtime during the two week pay period of April 18 to May 1, 2015.

34. From April 2014 until her termination, Defendants paid Plaintiff pursuant to its established pay policies regarding compensation to its sales associates.

35. In doing so, Defendants failed to abide by the pay policies of the Franchisor.

36. In fact, Defendants did not seek Franchisor approval prior to the development of its pay policy.

37. Defendants' failure to include Plaintiff's earned commissions in calculating her overtime rate resulted in Defendants denying Plaintiff proper overtime payment.

38. As a result of same, Plaintiff has suffered damages as set forth herein.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

41. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiff.

42. At all times relevant herein, Plaintiff was employed with Defendants as "employees" within the meaning of the FLSA.

43. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

44. Defendants' violations of the FLSA include, but are not limited to, failing to pay Plaintiff overtime compensation for hours worked over 40 per workweek.

45. Defendants' conduct in failing to pay Plaintiff properly was and is willful and was and is not based upon any reasonable interpretation of the law.

46. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

...

## COUNT II
### Pennsylvania Minimum Wage ACt
**(Failure to Pay Overtime Compensation)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Pennsylvania Minimum Wage Act.

49. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

50. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the Pennsylvania Minimum Wage Act.

51. Defendants' conduct in failing to pay Plaintiff overtime compensation for all hours worked beyond 40 per workweek violated the Pennsylvania Minimum Wage Act.

52. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Pennsylvania Wage Payment Collection Law
**(Failure to All Wages Due)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. Defendants' conduct in failing to pay Plaintiff all wages owed violated the Pennsylvania Wage Laws.

55. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Plaintiff is to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Plaintiff is to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*s/ Manali Arora*
Manali Arora, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: June 22, 2015